UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| JOHN J. CONNOLLY, | ) |
| Plaintiff, | ) |
| vs. | ) 04 C 7458 |
| ARTHUR ANDERSEN, LLP, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the parties' cross-motions for confirmation of an arbitration award. For the reasons set forth below, Plaintiff John Connolly's ("Connolly") motion is denied and Defendant Arthur Andersen LLP's ("Andersen") cross-motion and motion for costs are granted.

## BACKGROUND

Connolly is a former partner of Andersen and a signatory and party to the Arthur Andersen LLP Partnership Agreement (the "Partnership Agreement"). He retired from Andersen on April 30, 2002. After Connolly's retirement from Andersen, a dispute arose between Connolly and Andersen regarding Connolly's alleged entitlement to certain money from Andersen. Specifically, Connolly claimed that Andersen owed

him over two million dollars in early retirement benefits ("ERB") payments and basic retirement benefits ("BRB") payments. Connolly also demanded payment of over $800,000 in "Paid-in capital" and "Accenture Settlement Capital" (collectively "paid-in capital").

Andersen refused to make payments to Connolly for numerous reasons. Andersen claimed that no BRB payments were due to Connolly because the BRB had been terminated in the wake of the Enron crisis. Andersen claimed that Connolly was also not entitled to ERB payments because he had refused to sign his determination statement, a document that establishes a partner's projected retirement payments and which all Andersen partners must allegedly sign when they retire. Andersen claimed that it was not required to make a lump sum payment of ERB and accordingly rejected Connolly's demands for a lump sum payment of ERB payments. Finally, Andersen rejected Connolly's request for payment of his paid-in capital. Andersen claimed that it was entitled to reject Connolly's request in light of Andersen's 2002 decision that it could not return capital to its partners due to the tort claims against Andersen that arose out of the Enron crisis.

Pursuant to the Partnership Agreement's arbitration clause, Connolly filed an arbitration demand with the American Arbitration Association ("AAA") in 2003. The dispute was arbitrated before Arbitrator Leonard Jay Schrager ("Arbitrator Schrager")

who on November 18, 2003, rendered an arbitral award resolving all claims presented by the respective parties. See Award of Arbitrator, In the Matter of the Arbitration between John J. Connolly and Arthur Andersen LLP, 50 T 181 00079 (AAA Nov. 18, 2003) (the "Award").

The Award denied Connolly's claim for BRB, holding that BRB had been properly terminated with respect to all retired partners. The Award granted in part, and denied in part, Connolly's claim for ERB. Arbitrator Schrager denied Connolly's claim for payment of the full amount of ERB but held that Andersen should pay Connolly $230,517, representing the ERB payments that Andersen would have made to Connolly if he had signed his determination statement. The Award also granted in part, and denied in part, Connolly's claim for paid-in capital. Arbitrator Schrager denied Connolly's claim of paid-in capital, but held that Connolly was entitled to notes from Andersen representing his paid-in capital. Arbitrator Schrager explained that under Andersen's current circumstances, Illinois law entitled Andersen to withhold payment on paid-in capital pending the satisfaction of creditors' claims against Andersen. Arbitrator Schrager held that Connolly's paid-in capital is subordinated to the satisfaction of creditors and that Andersen has the authority, exercised in its sole discretion and good faith, to determine when, how, if, and under what conditions payments of capital may be made to retired partners, under applicable Illinois law.

Subsequent to Arbitrator Schrager's decisions regarding the Award, Andersen sent Connolly a check for $251,996, representing the $230,517 in ERB that the Award provided for, plus interest. Andersen also presented Connolly with five promissory notes for the amount of Connolly's claim for paid-in capital.

Connolly has filed an application for confirmation of arbitration award and entry of judgment, in which he seeks an order confirming the Award and finding that Andersen has failed to satisfy the Award because Andersen has yet to pay him on the paid-in capital notes. Andersen has filed a cross-motion for confirmation of arbitration award, seeking confirmation of the Award and a finding that Andersen has complied with the Award.

## LEGAL STANDARD

Judicial review of arbitration awards is limited. See Baravati v. Josephthal, Lyon & Ross, Inc., 28 F.3d 704, 706 (7th Cir. 1994); National Wrecking Co. v. International Brotherhood of Teamsters, Local 731, 990 F.2d 957, 960 (7th Cir. 1993). Federal courts may overturn an arbitrator's decision only on the narrow grounds set out in the Federal Arbitration Act ("Arbitration Act"), 9 U.S.C. § 1 et seq. See Gingiss International, Inc. v. Bormet, 58 F.3d 328, 332 (7th Cir. 1995). Sufficient grounds to overturn an arbitrator's decision include: (1) where the award was procured by corruption, fraud or undue means; (2) where there was evident partiality or corruption

on the part of the arbitrator; (3) where the arbitrator committed certain types of procedural misconduct; and (4) where the arbitrator exceeded his or her powers or so imperfectly executed them that a "mutual, final, and definite" award was not made. 9 U.S.C. § 10(a); see also Flexible Manufacturing Systems Pty. Ltd. v. Super Products Corp., 86 F.3d 96, 99 (7th Cir. 1996). Both the Supreme Court and the Seventh Circuit have also recognized "manifest disregard of the law" as a ground for vacating an arbitrator's award. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942, 115 S. Ct. 1920, 1923 (1995); see also National Wrecking Co., 990 F.2d at 961.

A district court does not have the authority to substitute its judgment for the judgment of an arbitrator. See Ethyl Corp. v. United Steelworkers of America, AFL-CIO-CLC, 768 F.2d 180, 183-84 (7th Cir. 1985). However, a district court generally may not interpret and enforce an ambiguous arbitration award. Tri-State Business Machines, Inc. v. Lanier Worldwide, Inc., 221 F.3d 1015, 1017 (7th Cir. 2000). When a court is confronted with an ambiguous award, the proper procedure is to send the award back to the arbitrator for clarification. Tri-State Business Machines, 221 F.3d at 1017.

A district court should use the remand procedure sparingly, and whenever possible, "a court should avoid remanding a decision to the arbitrator because of the interest in prompt and final arbitration." Teamsters Local No. 579 v. B & M Transit,

Inc., 882 F.2d 274, 278 (7th Cir. 1989). To avoid this sort of delay, a court is permitted to interpret an ambiguous award if the existing ambiguity can be resolved from the record. Flender Corp. v. Techna-Quip Co., 953 F.2d 273, 280 (7th Cir. 1992). With these principles in mind, we turn to the parties' respective motions.

## DISCUSSION

As a threshold matter, we must first address Connolly's argument that Andersen's cross-motion is not timely. Connolly asserts that under Section 9 of the Federal Arbitration Act ("FAA"), a party may apply to a court for an order confirming the arbitration award within any time within one year after the award is made. 9 U.S.C. § 9. Debate exists as to whether the language in Section 9 constitutes a mandatory statute of limitations period. Connolly concedes that the Seventh Circuit has not ruled on the issue, but offers a view promulgated by the Second Circuit. The Second Circuit has held that "section 9 of the FAA imposes a one year statute of limitations on the filing of a motion to confirm an arbitral award." Photopaint Technologies, LLC v. Smartlens Corp., 335 F.3d 152, 158 (2d Cir. 2003).

In the present matter, Arbitrator Schrager's ruling is dated November 18, 2003. Connolly filed his application on November 17, 2004 and served it on November 18, 2004. Here, Section 9 is not implicated as both parties agree that the award should be confirmed and the original request, which Connolly filed, came within the one-year

period. It is with regard to the enforcement of the award and its terms that the parties part company. The time frame laid out within Section 9 does not apply to this issue. Connolly's argument is a non sequitur and we move on to the substantive issues.

It is apparent that both sides seek confirmation of the Award. Both sides argue that the Award is not ambiguous, but instead quarrel with the adequacy of enforcement of the Award. Connolly's argument is that Andersen has failed to satisfy the Award because Andersen has not paid Connolly on the paid-in capital notes. Connolly raises no issues with respect to Arbitrator Schrager's ruling regarding BRB or ERB. Andersen, on the other hand, argues that the language of the Award only requires tender of the notes, not payment as of yet. We agree with Andersen's position.

As Arbitrator Schrager provided in the Award:

> I hold that Andersen, through its Administrator or through such other management structure as it may adopt, has the authority, exercised in its sole discretion and in good faith, to determine when, how, if, and under what conditions payments of capital may be made to retired partners, under applicable Illinois law. This authority exists notwithstanding any other provision of the Partnership Agreement.

Award at ¶ 6.

Arbitrator Schrager explained the rationale behind this decision: that under Andersen's current circumstances, Illinois law entitled Andersen to withhold payment

on paid-in capital pending the satisfaction of creditors' claims against Andersen. This is exactly what the language of the Award provides for. While the Award grants broad discretion to Andersen, the language with which it does so, is not ambiguous. Accordingly, we hold that the language within Arbitrator Schrager's Award is not ambiguous, that no sufficient grounds exist to overturn Arbitrator Schrager's decision, and thus confirm the Award.

Connolly also argues that Andersen's failure to pay on the notes is eviscerating its good faith duty to him. This is not the case. Andersen has at least initially complied with its duty of good faith by tendering the paid-in capital notes according to the provisions of the Award. There is no evidence before us to indicate that Andersen will not continue to exercise good faith regarding its determination of actual payment on the notes once the outstanding creditors' claims have been satisfied, pursuant to the terms of the Award.

Connolly also argues that the form of the notes fail to comply with the Award. Specifically, Connolly finds fault with the language contained within the notes regarding references to a current version of the Partnership Agreement, non-assignment of the notes, and references to arbitration. These arguments, however, are not relevant to our analysis. The arguments raised by Connolly do not defeat the fact that the

language of the Award regarding the paid-in capital notes is not ambiguous and that Andersen has complied with the Award's terms.

In sum, the Award unambiguously stated that, because Connolly is a retired partner and not a creditor of Andersen, under Illinois law Connolly's right to payment on the promissory notes for his capital is subordinated to the claims of tort claimants. The paid-in capital could not be paid back before the claims of creditors are satisfied. Therefore, given the tort claims against Andersen, and the large monetary amount they represent, the Award held that Andersen had the sole authority to determine when and whether to make payments on the capital notes. Andersen has also fully complied with the Award. Andersen sent Connolly a check for $251,996, representing the $230,517 in ERB that the Award provided for, plus interest. Andersen also presented Connolly with five promissory notes for the amount of Connolly's claim for paid-in capital.

## CONCLUSION

Based upon the foregoing analysis, Connolly's motion is denied and Andersen's cross-motion is granted. Andersen's motion for costs is also granted.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: FEB 2 4 2005