UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN J. CONNOLLY, )
)
               Plaintiff, )
)
  vs. ) 04 C 7458
)
ARTHUR ANDERSEN LLP, )
)
               Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Arthur Andersen LLP's ("Andersen") bill of costs. For the reasons set forth below, Andersen is awarded $450.15.

## BACKGROUND

Plaintiff John Connolly ("Connolly") is a former partner of Andersen and a signatory and party to the Arthur Andersen LLP Partnership Agreement. He retired from Andersen on April 30, 2002. After Connolly's retirement, a dispute arose between Connolly and Andersen regarding Connolly's alleged entitlement to certain money from Andersen. Specifically, Connolly claimed that Andersen owed him over two million dollars in early retirement benefits payments and basic retirement benefits

payments. Connolly also demanded payment of over eight hundred thousand dollars in "Paid-in capital" and "Accenture Settlement Capital." The two parties arbitrated their dispute, and the arbitrator entered an award (the "Award") granting in part, and denying in part, Connolly's claims. Thereafter, Connolly filed for confirmation of the Award and an entry of judgment, in which he sought a finding that Andersen had not complied with the Award. Andersen filed a cross-motion for confirmation of the Award.

On February 24, 2005, we denied Connolly's motion and granted Andersen's cross-motion and motion for costs. On March 16, 2005, pursuant to 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure, Andersen filed its bill of costs, seeking the recovery of a total of $526.15. The bill of costs is comprised of two categories of expenses. The first category includes six delivery bills totaling $37.50. The second category totals $488.65 in document reproduction fees. Connolly objects claiming that Andersen is not entitled to reimbursement for any of the costs that it has enumerated and requests that we disallow the bill of costs in its entirety. We address each of the parties' arguments in turn.

## DISCUSSION

A prevailing party should be awarded costs other than attorneys' fees "unless the court directs otherwise." Fed. R. Civ. Proc. 54(d)(1). The court has broad discretion

in determining whether and to what extent to award costs, but there is a strong presumption that the prevailing party will be awarded costs. Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). The district court should award costs that are a type recoverable under statutory authority, are "necessary to the litigation," and are for a reasonable amount. Id.; see also 28 U.S.C. § 1920.

Application of these principles to the amounts Andersen's claims reveals two overcharges. First, the award of delivery fees is not specifically enumerated under 28 U.S.C. § 1920, and thus the award of such costs is within this court's discretion. While Andersen only seeks to recover the relatively modest amount of $37.50 in delivery fees, costs for postage and mail services have traditionally been disallowed on the grounds that these expenses are generally considered overhead, or part of the cost of operating a law firm. See Downes v. Volkswagen of America, 41 F.3d 1132, 1144 (7th Cir. 1994). We therefore disallow the $37.50 Andersen incurred as the result of hand delivering various documents during the litigation, and reduce Andersen's bill of costs accordingly.

Next, regarding the $488.65 Andersen seeks to recover for document reproduction fees, we reduce that amount by $38.50. Of the $488.65 figure, $450.15 represents multiple document reproduction costs and $38.50 represents costs associated with the electronic downloading and duplication of Connolly's complaint.

Connolly objects to the award of $450.15 expended on copies on the grounds that Andersen has not supplied sufficient documentation to indicate what documents specifically were copied. Connolly's position would place an unfeasible economic burden upon Andersen. The Seventh Circuit has explained that a party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." <u>Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.</u>, 924 F.2d 633, 643 (7th Cir. 1991). A party need only "provide the best breakdown obtainable from retained records." <u>Id.</u> Here, Andersen has done just that; it has provided an itemized description of Andersen's copying costs relating to the present matter, including the date, the number of copies, and the net charges. While the itemization does not provide a detailed narrative of what specifically was copied, it does indicate a correlation between the dates the copies were made and when documents were filed with this court. Thus, we are satisfied with the documentation Andersen has provided and deem the reproduction costs of $450.15 both necessary and reasonable.

Connolly objects to the award of the $38.50 Andersen's counsel expended on November 18, 2004, to download and copy Connolly's complaint. He argues that the downloaded copy was not necessary but more of a convenience that allowed Andersen's counsel the ability to obtain a copy of the summons and complaint the day

after its client was personally served with the same documents. We agree that the $38.50 does not represent a necessary cost and reduce Andersen's bill of costs accordingly.

## CONCLUSION

Based on the foregoing analysis, we conclude that the amount of costs that can be deemed reasonable and necessary in this case totals $450.15, and we accordingly award Andersen that figure.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:  May 20, 2005